**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| NANCY KINDER, *individually and on behalf of all others similarly situated*,   ) ) ) | |
| Plaintiff,   ) ) | Civil Action No. 11-233-JMH |
| vs.   ) ) | |
| FORCHT BANK,   ) ) ) | |
| Defendant.   ) ) | |

**PLAINTIFF'S MOTION FOR AND**
**MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff hereby moves this

Court for an order certifying the proposed class in this action.

**INTRODUCTION**

Plaintiff Nancy Kinder conducted transactions at ATM machines operated by Defendant

Forcht Bank ("Defendant" or "Forcht") on December 16, 2010, at Defendant's ATM at 58

Broadway, Day Ridge, Kentucky; June 11, 2011, at Defendant's ATM at 58 Broadway, Day

Ridge, Kentucky; and May 11, 2011, at Defendant's ATM at 230 Violet Road, Crittenden,

Kentucky.  The Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*., and

Regulation E of 12 C.F.R. 205 *et seq*., implementing the EFTA, require ATM operators to

provide notice to consumers when a fee may be imposed for using the ATM.  ATM operators

must provide such notice both "on or at" the machine itself and on the display screen before the

consumer is irrevocably committed to completing the transaction.  The Complaint alleges that

Defendant's ATM did not have the required notice on or at the ATM.  Plaintiff proposes to

represent the following class:

> All persons who: 1) were charged a "terminal owner fee" at an ATM operated by
> Defendant when such persons made an electronic fund transfer and/or balance
> inquiry where, 2) no notice indicating that such fee was to be charged was posted
> on the outside of the ATM machine.  Complaint ¶ 20.

The EFTA explicitly provides for class actions to enforce the statute.  The EFTA provides for statutory as well as actual damages.  Plaintiff seeks only statutory damages.  Since there are almost certainly thousands of potential class members and the claims of every member of the proposed class are identical in all respects, this case is eminently suited to class treatment.

## SUMMARY OF ARGUMENT

Defendant Forcht Bank operates ATMs throughout central Kentucky.  Declaration of Geoffrey Bestor Att. A.  The Electronic Funds Transfer Act, 15 § 1693, *et seq*. ("EFTA" or "Act"), among other things, forbids operators of ATMs from imposing fees on users of ATMs absent statutorily-specified notices that a fee will be imposed.  In particular, the EFTA requires that ATM operators post notices both "on or at" the ATM and provide on-screen notice that a fee will be imposed.  15 U.S.C. § 1693b(d)(3)(B) provides:

(B) **Notice requirements**

   (i) **On the machine**

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

   (ii) **On the screen**

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on November 12, 1999, and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

The EFTA directed the Federal Reserve to issue implementing regulations.  15 U.S.C. § 1693b(a).  The relevant Federal Reserve regulation provides as follows:
(c) Notice requirement. To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine . . . ; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

12 C.F.R. § 205.16(c).

The EFTA prohibits banks from imposing transactions fees in violation of the notice requirements. See 15 U.S.C. § 1693b(d)(3)(C). 15 U.S.C. § 1693m creates a cause of action for violation of the fee notice and other provisions of the EFTA. Section 1693m permits recovery of actual and statutory damages, the latter being between $100 and $1,000 in individual actions. 15 U.S.C. § 1693m(a)(1)-(2)(A). Congress explicitly provided for class actions for EFTA violations, with statutory damages of up to $1,000 (with no minimum) per class member with a cap of the lesser of $500,000 or one percent of the net worth of the defendant.[1]  15 U.S.C. § 1693m(a)(2)(B).

On December 16, 2010, and June 11, 2011, Plaintiff conducted transactions at Defendant's ATM at 58 Broadway, Day Ridge, Kentucky. On May 11, 2011, Plaintiff also conducted a transaction at Defendant's ATM at 230 Violet Road, Crittenden, Kentucky. The Complaint alleges that there was no fee notices posted on or at the ATMs as required by the EFTA. On July 22, 2011, Plaintiff brought the present action against Defendant seeking to represent the following class:

> All persons who: 1) were charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine. Complaint ¶ 20.

The Complaint seeks only statutory damages, not actual damages, and there is thus no issue of individual reliance. The EFTA provides a class period of one year preceding the filing of the complaint, 15 U.S.C. § 1693m(g), so the class period is July 23, 2010, to July 22, 2011, inclusive.

---

1   In its June 30, 2011, Consolidated Statement of Condition, Defendant reported total shareholder equity of approximately $104.3 million. Declaration of Geoffrey Bestor Att. B (pdf page 3).

There are four prerequisites to a class action under Federal Rule of Civil Procedure 23(a): (1) the class is so numerous that joinder of all members is impracticable, (2) there exist questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  In addition, a plaintiff must show that her suit falls within one of the three types of class actions under Federal Rule of Civil Procedure 23(b).  In this case, Plaintiff seeks class certification under Rule 23(b)(3), which requires the Court to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).  "Rule 23 does not require a district court, in deciding whether to certify a class, to inquire into the merits of the plaintiff's suit.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ('We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.'); *Daffin v. Ford Motor Co*., 458 F.3d 549, 553 (6th Cir.2006)."  *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 560 (6th Cir. 2007).

There are many district court decisions certifying classes in EFTA ATM cases, either in contested motions or as part of approving class settlements.  *See Hart v. Guardian Credit Union*, 2:10-CV-855-WHA, 2011 WL 2434201 (M.D. Ala. June 16, 2011); *Flores v. Diamond Bank*, 2008 WL 4861511 (N.D. Ill. Nov. 7, 2008); *Burns v. First Am. Bank*, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006).  *See also Riviello v. Tobyhanna Army Depot Fed. Credit Union*, 3:11-CV-59, 2011 WL 3439215 (M.D. Pa. Aug. 5, 2011) (denying motion to dismiss class allegations).  *Cf. Nadeau v. Wells Fargo Bank, Nat'l Ass'n*, CIV.10-4356 PAM/JSM, 2011 WL 1633131 (D. Minn. Apr. 26, 2011) (denying certification).[2]  Many EFTA fee notice cases have been certified for

---

2       The court in *Nadeau* found that all of the Rule 23(a) requirements were satisfied, as was the predominance

settlement purposes,[3] and courts are required to "give 'undiluted, even heightened, attention' to its protections before certifying a settlement-only class - one formed just for the purpose of settlement, not for litigation.'  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)."  *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007).  The settlement class actions thus provide further support for class certification here.

The class proposed here meets all of the requirements of Rule 23(a), each part of which is addressed in the following paragraphs.

**Rule 23(a)(1) - Numerosity**:  A class may be certified only if "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Because this motion is being filed prior to any discovery in this case, Plaintiff does not know the exact number of ATM transactions for which Defendant charged a fee.  However, Defendant's website lists 30 ATMs. Declaration of Geoffrey Bestor Att. A.  Counsel for Plaintiff has represented or currently represents Plaintiffs in over 30 ATM EFTA cases.  Declaration of Geoffrey Bestor ¶ 6.  Counsel has never encountered fewer than 100 transactions at a single ATM for which a defendant bank charged an ATM transaction fee.  In the large majority of his cases, transactions at single ATMs ranged from 1,000 to 5,000.  Declaration of Geoffrey Bestor ¶ 7.  In a recent case in which a settlement is currently pending before the United States District Court for the Western District of Michigan,[4] there are 35 ATMs in the settlement class with over 125,000 transactions by

___

requirement of Rule 23(b)(3).  The court held, however, a class action was not the superior method of adjudicating the case.  Among the many things that can be said about *Nadeau* is the fact that Plaintiff sought actual damages in that case, which would have required individual determinations of detrimental reliance.

3       *See, e.g., Harrison v. First Independence Bank*, Case No.  5:09-cv-12684-JCO-MAR (EDMI 9/2/2011) (granting final approval to class settlement); *Kinder v. ELGA Credit Union*, Case No. 5:10-cv-11549-JCO-RSW (EDMI 8/24/2011) (same); *Harrison v. Flagstar Bank*, Case No. 5:09-cv-12687-JCO-DAS (EDMI 8/7/2011) (same); *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 814-15 (E.D. Wis. 2009), 678 F. Supp. 2d 806, 814-15 (E.D. Wis. 2009) (same).

4       *Kinder v. Northwestern Bank*, Case No. 1:10-cv-00405-PLM (W.D. Michigan).

approximately 31,000 different non-customers.  Declaration of Geoffrey Bestor ¶ 8.  Even

without discovery, it is obvious that the numerosity requirement is satisfied.

      **Rule 23(a)(2) - Commonality**:  A class may be certified only if "there are questions of

law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Once again, there can be no doubt

that this requirement has been met.  In her complaint, Plaintiff alleges the following common

questions of fact and law:

- Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

- Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

- Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

All of these questions of law and fact are common to the class.  Whether Defendant posted the

requisite notice "on or at" its ATMs is a common question of fact.  The questions of law -

whether Defendant violated the EFTA by imposing fees and any defenses Defendant might assert

- are identical for every single class member.  Indeed, given that Plaintiff seeks only statutory,

not actual, damages, there would appear to be no individual issues other than the solitary

question of whether a potential class member conducted a transaction for which he or she was

charged a fee.

      **Rule 23(a)(3) - Typicality:**  A class may be certified only if "the claims or defenses of

the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)

(3).  "A claim is typical if 'it arises from the same event or practice or course of conduct that

gives rise to the claims of other class members, and if his or her claims are based on the same

legal theory.'"  *Beattie v. CenturyTel, Inc.*, 511 F.3d at 561 (*quoting In re Am. Med. Sys., Inc.*, 75

F.3d 1069, 1082 (6th Cir.1996)).  Once again, the claims and defenses of Plaintiff are not just

typical of the claims and defenses of the class, they are identical.

**Rule 23(a)(4) - Adequacy of Representation**:  A class may be certified only if "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

> "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.  A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (internal quotation marks and citations omitted). In *Stout*, this Court explained that it "reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." 228 F.3d at 717; *see also In re Am. Med. Sys., Inc.*, 75 F.3d at 1083 (explaining that "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel") (citations omitted).

*Beattie v. CenturyTel, Inc.*, 511 F.3d at 562-63.  Plaintiff here is a member of the class and has exactly the same interest and suffered the identical injury to every member of the class.  Plaintiff has been found to be an adequate class representative in a recent EFTA ATM case approving class settlement.  *See Kinder v. ELGA Credit Union*, Case No. 5:10-cv-11549-JCO-RSW (EDMI 8/24/2011) (granting final approval to class settlement).

Class counsel has 30 years of litigation experience, has worked on many class actions, and is or has been counsel in more than 30 EFTA lawsuits.  Declaration of Geoffrey Bestor ¶ 6.  Class Counsel has been found to be qualified in three recent EFTA ATM cases, *Harrison v. First Independence Bank*, Case No.  5:09-cv-12684-JCO-MAR (EDMI 9/2/2011) (granting final approval to class settlement); *Kinder v. ELGA Credit Union*, Case No. 5:10-cv-11549-JCO-RSW (EDMI 8/24/2011) (same); *Harrison v. Flagstar Bank*, Case No. 5:09-cv-12687-JCO-DAS (EDMI 8/7/2011) (same).  Plaintiff and Plaintiff's counsel will vigorously prosecute the interests of the class.

Satisfaction of the requirements of Rule 23(a) is amply illustrated by reference to the analysis of another district court in certifying a class in an essentially identical lawsuit:

> The proposed class includes up to 5,038 members, which is more than sufficient to meet Rule 23(a)'s numerosity requirement.  Common questions of fact, whether the Bank posted notice on ATM 049E4 and whether the Bank charged prospective class members a $2.00 fee, permeate the claims of prospective class members. Diamond Bank's concerns regarding commonality relate solely to the requirements of Rule 23(b)(3).  *See Arreola*, 546 F.3d at ----, 2008 WL 4553059, at *9.  Flores's claim-that she was charged a $2.00 fee despite the Bank's failure to comply with the EFTA's notice requirements arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory of other class members.  *See Oshana*, 472 F.3d at 514.  Flores's counsel is experienced in consumer class actions and Flores herself has no interests antagonistic to the class.  *See Retired Chicago Police Ass'n*, 7 F.3d at 598. Accordingly, the Court finds that the claim meets the requirements for class certification set forth in Rule 23(a).

*Flores v. Diamond Bank*, 2008 WL 4861511 (N.D. Ill. Nov. 7, 2008).

**Rule 23(b)(3) - Predominance and Superiority**:  In addition to satisfying Rule 23(a), a Plaintiff seeking certification must satisfy one of the provisions of Rule 23(b).  Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires a showing "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."  Plaintiff meets those requirements.

"To satisfy the predominance requirement in Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof.  Further, the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones.  Lastly, [c]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues.  *Beattie v. CenturyTel, Inc.*, 511 F.3d at 564 (internal quotation marks and citations omitted).  Common questions clearly predominate here; in fact, there are no individual issues at all.  Not even the amount of damages is an individual issue because Plaintiff seeks only statutory, not actual, damages.  The EFTA is essentially a strict

liability statute, with a limited number of statutory defenses, all of which apply identically to each class member.

Finally, class treatment is clearly superior to any alternative.  With thousands of transactions and thousands of individuals likely at issue, there is simply no other way to handle these claims.

## CONCLUSION

Because the requirements of Rule 23 are amply met in this case, Plaintiff respectfully moves this Court for an order certifying the class as defined in the Complaint.

November 13, 2011                           Respectfully submitted

                                            GEOFFREY BESTOR


                                            /s/ Geoffrey Bestor
                                            2701 Calvert Street, NW #1121
                                            Washington, DC 20008
                                            (240) 463-8503
                                            Email: gbesq@bestorlaw.com

                                            Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2011, I caused the foregoing Motion for Class Certification to be served on all counsel by filing the foregoing by way of the Court's ECF system.

                                            /s/ Geoffrey Bestor