No. 11-0515

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: NANCY KINDER, Individually and on behalf of all others similarly situated, | ) ) ) | |
|  | ) | O R D E R |
| Petitioner. | ) ) ) | |

Before: BOGGS and GRIFFIN, Circuit Judges; ECONOMUS, District Judge.[*]

Nancy Kinder, the plaintiff in this action alleging violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, petitions for permission to appeal the November 29, 2011 order denying her motion for class certification. *See* Fed. R. Civ. P. 23(f). The defendant opposes the petition to appeal.

Federal Rule of Civil Procedure 23(f) grants the court of appeals discretion to accept interlocutory appeals of class-certification rulings. *See Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011), *petition for cert. filed* (Jan. 18, 2012) (No. 11-901). The rule requires that the petition be filed in this court within 14 days of the entry of a class-certification ruling. This 14-day period includes intervening weekends and holidays. *See* Fed. R. Civ. P. 6(a)(1)(B). Kinder's petition to appeal was filed in this court 15 days after the entry of the November 29 order and, consequently, is late.

The 14-day period for filing a petition for permission to appeal under Rule 23(f) is a rigid and inflexible claims-processing rule. *Fleischman v. Albany Med. Ctr.*, 639 F.3d 28, 31 (2d Cir. 2011);

---

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 11-0515
- 2 -

*Harper v. Am. Airlines, Inc.*, 371 F. App'x 511, 512 (5th Cir. 2010) (unpublished); *see In re DC Water and Sewer Auth.*, 561 F.3d 494, 495-96 (D.C. Cir. 2009) (10-day period under the prior version of Rule 23(f)).  As such, the time period is strictly enforced.  *See also* Fed. R. App. P. 26(b)(1) (providing that the court may not extend the time to file a petition for permission to appeal).

In addition, the extra three days provided for under Federal Rule of Civil Procedure 6(d) and Federal Rule of Appellate Procedure 26(c) are inapplicable.  Those rules provide that when an act must be done within a specific time after *service*, an additional three days is added to the time period after certain kinds of service.  Rule 23(f) requires the filing of a petition to appeal within 14 days after *entry* of the district court's order, not after *service* of the order.  *See Delta Airlines v. Butler*, 383 F.3d 1143, 1145 (10th Cir. 2004) (order); *see also Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010) (the extra three days provided for in Rule 26(b) and Civil Rule 6(d) are not applicable to the filing of a notice of appeal because the Rule 4 time period starts when a judgment is *entered* not when it is *served*).

The petition to appeal is **DENIED** as late.

ENTERED BY ORDER OF THE COURT

_____
Clerk